UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ,<br><br>           Petitioner,<br><br>     v.<br><br>FERNANDO GONZALEZ, Warden,<br><br>           Respondent. | 1:10-cv-02005 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION REQUESTING STAY AND MOTION REQUESTING  LIFT OF STAY<br>(Docs. 9-10) |

Petitioner is a state prisoner proceeding pro se with this October 25, 2010, petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his Petition, Petitioner asserts that he was denied the right to be transported to his mother's funeral services on March 9, 2010. (Pet. at 4, ECF No. 1.) On December 23, 2010, Petitioner filed a motion requesting the action be stayed  while Petitioner filed a civil rights complaint under 42 U.S.C. § 1983. (Motion for Stay, ECF  No. 9.) On February 28, 2011, Petitioner filed a motion requesting the stay be lifted. (Motion to Lift Stay, ECF No. 10.)

///

///

///

**I.     DISCUSSION**

    **A.     Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    **B.     Failure to State a Cognizable Federal Claim**

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in  custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner here complains that he was denied the right to be transported to his mother's funeral services on March 9, 2010. However, a writ of habeas corpus is not a proper vehicle to challenge conditions of confinement unrelated to the very fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (quoting Preiser, 411 U.S. at 500). A § 1983 action is a proper remedy for a state prisoner to make a constitutional challenge to the conditions of his prison life. Ramirez, 334 F.3d at 855 (quoting Preiser, 411 U.S. at 499).

1  In the present case, Petitioner is not challenging the fact or duration of his confinement; he
2  challenges the denial of a temporary leave. The challenge would have no effect on the
3  overall duration of his sentence. In Kentucky Dept. of Corr. v. Thompson, the Supreme Court
4  issued an analogous ruling in the converse situation. 490 U.S. 454, 460-461, 109 S. Ct. 1904,
5  36 L. Ed. 2d 506 (1989) ("The denial of prison access to a particular visitor is well within the
6  terms of confinement ordinarily contemplated in a prison sentence, and therefore is not
7  independently protected by the Due Process Clause." (citation omitted.)).
8  　　　　In this case, Petitioner's claim involves the conditions of his confinement, not the fact
9  or duration of that confinement. Where a Petitioner seeks to challenge the conditions of his
10 confinement, his claims are cognizable in a civil rights action rather than a habeas corpus
11 action. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of
12 confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action
13 rather than a habeas corpus petition).
14 　　　　Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.
15 If Petitioner wishes to pursue his claims, he may undertake to do so by way of a civil rights
16 complaint.
17 　　　　**C.     Motion to Stay Proceeding**
18 　　　　Petitioner filed a motion to stay the proceeding on December 23, 2010. Petitioner then
19 filed a motion requesting the stay be lifted. The Court has yet to rule on Petitioner's motion to
20 stay the proceeding, and therefore no stay is currently in place. The Court cannot lift a stay
21 that is not in place. However, the Court will consider the motion to lift the stay as a request
22 to withdraw Petitioner's motion to stay. (The federal courts have duty to construe pro se
23 pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes
24 v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Accordingly, the Court recommends that
25 the request to withdraw the motion to stay be granted.
26 ///
27 ///
28 **II.     RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that:

1.) Petitioner's motion to withdraw the motion to stay be GRANTED and the motion to stay be stricken (Docs. 9, 10.);

2.) The habeas corpus petition be DISMISSED; and

3.) The Clerk of Court be DIRECTED to enter judgment and close the case.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 15, 2011          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE